## JOHN A. MAIRS AND WIFE *v.* BANK OF OXFORD.[1]

1. VENDOR'S LIEN. *Security for part of purchase-money. Subsequent purchaser.* M. sold a tract of land to E. for $3,800, for which the latter gave his five promissory notes; but the deed of conveyance acknowledged receipt of the purchase-money. As a part of the transaction, E. gave a deed of trust on the land purchased, to secure three of the notes. The deed of trust concluded with these words: "But the vendor's lien for the other two notes to be unim-

---

[1] This case was decided by the court composed of SIMRALL, chief justice, and CHALMERS and CAMPBELL, associate justices. The opinion was misplaced in the clerk's office, during the incumbency of A. W. Little, and was not found and delivered to the reporter till a few months ago, since the publication of the last preceding volume of Reports.

paired." The notes secured by the deed of trust were subsequently paid, and an entry of satisfaction in full was made on the margin of the public record of the deed of trust. Afterwards E. obtained a loan of $2,000 from the Bank of O., executing a mortgage on this land to secure it. M. then filed a bill to enforce the vendor's lien for the payment of the two notes unpaid, claiming that the bank had notice of the lien for these notes by the concluding recital of the deed of trust, and that the satisfaction of that instrument extinguished it only as to the notes secured by it. *Held,* that the recital referred to was inserted merely to exclude the idea that the lien of these two notes was waived by the deed of trust. Subsequent purchasers were only bound to look at the deed of conveyance and the deed of trust for notice of the vendor's rights. As the deed of conveyance acknowledged payment of the purchase-money, a purchaser would, as to it, take the land freed of the vendor's equitable lien. And as the record of the deed of trust showed that it had been satisfied in full as to all that it granted, it might be treated by a purchaser as obliterated. Therefore the mortgage to the bank must prevail over M.'s equitable lien.

2. SAME. *Recital in deed of trust. Contract. Satisfaction.*

The recital above quoted from the deed of trust is not a contract in relation to the land, independent of the deed of trust, within the meaning of sect. 2307 of the Code of 1871, which provides that "every contract in relation to land," when acknowledged and recorded, shall become notice to all the world. It was merely a stipulation that the deed of trust should not authorize the conclusion that the vendor had waived his equitable lien as to the two notes not thereby secured. It granted nothing, and fell with the extinguishment of the deed of trust. And as the acknowledgment of satisfaction of the deed of trust was full, without any reservation or restriction as to any stipulation therein contained, it would work a fraud on third persons to keep alive thereafter any provision in that instrument, *for any purpose whatever.*

3. DEED OF TRUST. *Acknowledgment of satisfaction. Entry. Release.*

An acknowledgment of full satisfaction of a deed of trust, made by the *cestui que trust* before a justice of the peace, and by him certified, and recorded on the margin of the public record of the deed of trust by the chancery clerk having the record in charge, is equivalent to a deed of release.

APPEAL from the Chancery Court of Panola County.

Hon. J. C. GRAY, Chancellor.

The case is stated in the opinion of the court.

*Miller & Miller,* for the appellants.

Sect. 2307 of the Code of 1871 provides for the registration of every kind of "written contract in relation to land." 8 Geo. 482. The last clause in the deed of trust contains a contract to the effect that the taking security for three of the notes should not destroy or impair the vendor's lien as to the other

two notes.   The object of this contract, or provision, was not. merely to recognize the lien as to these two notes, but to preserve it by a special contract.   5 Abb. Dig., sect. 144, and cases there cited ; 48 Miss. 412.   This contract was necessary to save the lien ; and, being in writing, in relation to land, and duly acknowledged and recorded, it was notice within the meaning of the statute.   There was no reason why this contract should have been in a separate instrument ; but it was highly proper that the instrument given to secure three of the notes should also contain the contract preserving the equitable lien as to the other two.

The entry of satisfaction referred only to the deed of trust, and not to the lien of the two notes not secured by it.   These notes were not paid or satisfied.   There is no law for entering satisfaction on the record of any instrument but mortgages and deeds of trust.   Code 1871, sect. 2297.   "Written contracts in relation to land" are not required to be satisfied of record.

The statute requires the entry of satisfaction of a deed of trust to be made by the *cestui que trust* himself, or his attorney.   The entry in this case was not made by the *cestui que trust*, nor by any one having authority to make it.   The acknowledgment of satisfaction before a justice of the peace was unauthorized by law, and might as well have been made before the beat constable.

*Taylor & Kyle*, for the appellee.

The provision in the deed of trust in relation to the two notes not thereby secured was inserted for the purpose merely of precluding the idea that the grantors, by taking security for three of the notes, waived their secret vendor's lien for the other two.   It was clearly not inserted for the purpose of establishing or preserving an express lien ; for, if that had been the intention, all of the notes would have been embraced in the trust.   The intention was to prevent a waiver of a lien, and not to raise or give notice of a lien.

The cancellation and satisfaction of the deed of trust by

·Mairs and wife, made with all the formalities of a conveyance, was perfectly good as a quitclaim deed, or a release at common law, without the aid of the remedial statutes contained in sects. 2297 and 2300 of the Code of 1871. If the satisfaction of a deed of trust as provided by the statute does not mean that it is thereafter no longer constructive notice of a lien or claim, then it is a delusion and a snare. If the trust-deed of the appellants had secured all of the notes, and satisfaction thereof had been entered upon the record, it would have been a complete protection to a subsequent purchaser without notice; and can it be possible that the recital in this deed of trust is to operate as of more force than if it had been an unqualified declaration of an express lien?

The act of Mairs and wife in acknowledging satisfaction of the deed of trust before a justice of the peace, and delivering the evidence thereof to Elliott, shows clearly that they thought it necessary in order that the entry of satisfaction upon the record might be made.

CHALMERS, J., delivered the opinion of the court.

Mairs and wife sold a tract of land to W. W. Elliott for $3,800, for which Elliott delivered five several promissory notes, due at the end of each of the five successive years thereafter.

A deed of conveyance was executed, in which it was recited that payment in full of the purchase-money had been received. At the same time, and as part of the same transaction, Elliott, the vendee, executed to Mairs and wife a trust-deed upon the land purchased, by which were secured the first three notes only. The instrument provided that it should become void and of no effect when the first three notes were paid. It closed with these words: " But the vendor's lien for the other two notes to be unimpaired." The three notes secured by the trust-deed were subsequently paid, and entry of satisfaction in full of the trust-deed was indorsed upon the margin of the public records of the county. Thereafter Elliott obtained a

loan of $2,000 from the Bank of Oxford, executing a mortgage upon the land to secure it.

Mairs and wife bring this bill to enforce payment of the last two notes for the purchase-money, and the contest is between them and the bank as to who shall have priority of satisfaction out of the land. Mairs and wife claim that the bank had notice of their unsatisfied lien for the last two notes by the recital at the conclusion of the trust-deed, and that the satisfaction of that instrument extinguished it only as to the three notes secured by it, but did not affect at all the last two notes, the lien of which did not depend upon the trust-deed, but was raised by law between vendor and vendee, and was operative against all subsequent purchasers by reason of the notice given by the recital in the trust-deed. We cannot adopt this view. In the deed of conveyance from Mairs and wife to Elliott, there was an acknowledgment of payment. A subsequent purchaser, therefore, would, so far as that deed was concerned, take the land freed of the equitable lien of the vendor. By the trust-deed the three first notes only were protected. To exclude the conclusion that hence might arise, that the equitable vendor's lien was waived as to the other two, the declaration was inserted that such lien was "to be unimpaired." Nothing was granted or obtained by these words except a protection from a conclusion which otherwise the law might imply between the parties. For this purpose it is still available between vendor and vendee. But when the bank (a subvendee) came to investigate the title, it was bound to look alone to the recitals of the deed of conveyance as determining the equitable rights of the vendor, and to the trust-deed as fixing the obligations originating under it. Looking to the original deed, it discovers no trace of an equitable lien. Looking to the trust-deed, it sees that it has been satisfied in full.

The trust-deed cannot give notice to third persons of that which it did not grant, and when it is satisfied in full as to all that it did grant, it becomes as if never written. Seeing the

entry of satisfaction, a stranger need read no further.   It is as if obliterated.

It is. urged that, under sect. 2307 of the Code of 1871, " every title, bond, or *other contract* in relation to land," may be recorded, and, when recorded, become a notice to all the world ; that the stipulation here, that the vendor's lien should remain unimpaired, was a contract in. relation to the land in question, independent of, though found in the trust-deed ; and that, being recorded, all subsequent purchasers were bound to take notice of it.   The fallacy of the reasoning is in the assumption that the stipulation here constituted a contract within the meaning of the statute.   We will not say that a stipulation declaring that the equitable lien of a vendor was not waived, might not be written upon a piece of paper separate from the deed conveying the title, and so acknowledged and recorded as to give notice to all the world ; but it is evident that this transaction was of a wholly different character. The sole object of the trust-deed. was to secure the first three notes, and to afford a speedy method of collecting them. Fearing that, in consequence of the omission of the other two notes, the vendee might thereafter claim that the land was released as to them, the recital under consideration was inserted.   It was not an independent contract about the land, but a stipulation that the trust-deed should not have a certain effect.   It granted nothing.   It was not a contract, but a proviso to a contract—the exclusion of a conclusion.   It fell with the extinguishment of the instrument to which it was annexed.

The acknowledgment of satisfaction of the trust-deed was full and unrestricted.   It was an acknowledgment of satisfaction in full.   Thus written, it gave all men the right to disregard it, to treat it as annihilated, as if never executed.   If it was intended to still keep alive any stipulation or proviso contained in it, there should have been some allusion or reservation as to such proviso embodied in the acknowledgment. None such having been inserted, but the whole instrument

having been marked satisfied in full, it would work a fraud upon third persons thereafter to keep alive anything contained in it, for any purpose whatever.

Objection is urged to the irregularity of the entry of satisfaction. We think it sufficient,

The receipt of payment and acknowledgment of satisfaction executed before the justice of the peace by Mairs and wife, and copied on the margin of the county records by the chancery clerk, was equivalent to a deed of release.

Decree affirmed.